```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


TROY GILMORE                              CIVIL ACTION

VERSUS                                    NO. 07-1614

ST. TAMMANY PARISH                        SECTION "A"(5)
SHERIFF'S OFFICE
```

**O R D E R**

The Court, having considered the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the petitioner's objection to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

In his objection memorandum Petitioner requests that the Court allow this suit to go forward because Petitioner did not know when he filed his complaint that the Sheriff's Office was not the proper party defendant.  Petitioner asks that he be allowed "to present the proper facts in the proper form."  (Rec. Doc. 5 at 2).

The law is well-settled that a pro se complaint is to be liberally construed. Johnson v. Atkins, 999 F.2d 99, 100 (5th Cir. 1993) (citing Brinkmann v. Johnston, 793 F.2d 111, 112 (5th Cir. 1986)).  However, even a liberally construed pro se civil rights complaint must set forth facts giving rise to a claim upon which relief may be granted.  Id. (citing Levitt v. Univ. of Tex., 847 F.2d 221, 224 (5th Cir. 1988)).  Under Louisiana law a sheriff's office is not an entity with the legal capacity to be sued.  Cozzo

v. Tangipahoa Parish Council-Pres. Gov't, 279 F.3d 273, 283 (5th cir. 2002) (citing Porche v. St. Tammany Parish Sheriff's Office, 67 F. Supp. 2d 631, 635 (E.D. La. 1999)).  Thus, there are no facts that Plaintiff can allege to state a claim against the sole defendant named in this lawsuit.  Dismissal of the complaint is therefore appropriate.

Nevertheless, in light of Plaintiff's pro se status the Court will withhold entry of a final judgment for thirty days to allow Petitioner to amend the instant complaint to name the proper defendants.  Petitioner is warned, however, that the Court's willingness to allow him to amend his complaint does not foreclose *the possibility* that his claims against the proper defendants are now time-barred.

**IT IS ORDERED** that plaintiff's complaint be **DISMISSED**.  The claims against the St. Tammany Parish Sheriff's Office are dismissed with prejudice;

**IT IS FURTHER ORDERED** that Petitioner shall move to amend his complaint within **thirty (30) days** from entry of this order after which time the Court will enter a final judgment as to the complaint.

July 23, 2007

_____
UNITED STATES DISTRICT JUDGE